United States Bankruptcy Court
Eastern District of Virginia
Alexandria Division

In re:

**Beverly Terry Jenkins,**

Debtor.

Case No. 15-13948-BFK

Chapter 11

**<u>Order Settling Show Cause Against Patrick R. Blasz</u>**

This matter came before the Court on the Order for Patrick R. Blasz to Show Cause, if any can be shown, why his privilege to practice law before this Court should not be suspended or terminated, or that some other sanction be imposed for:

(A) Filed the schedules without the Debtor having read or signed them;[1]

(B) Did Not file Official Form 106Dec Declaration About Individual Debtor's Schedules;

(C) Filed this case under Chapter 13 when the Debtor was not eligible for Chapter 13 because her secured debts exceeded the allowable limits for a Chapter 13 case;

---

[1] The following documents, Docket No. 34, were not seen nor signed by the Debtor:

    (1) Official Form 106A/B, Schedule A/B Property;
    (2) Official Form 106C, Schedule C: The Property You Claim as Exempt;
    (3) Official Form 106D, Schedule D: Creditors Who Have Claims Secured by Property;
    (4) Official Form 106E/F, Schedule E/F: Creditors Who Have Unsecured Claims;
    (5) Schedule G – Executory Contracts and Unexpired Leases;
    (6) Schedule H –CoDebtors;
    (7) Official Form B 6I; Schedule I: Y our Income;
    (8) Official Form B 6J; Schedule J: Y our Expenses;

Office of the United States Trustee
115 South Union Street
Alexandria, Virginia  22314
(703) 557-7229

(D) Filed inaccurate information regarding the Debtor's income in the Statement of Financial Affairs, question numbers 1 and 2, Docket No. 35, to be filed;

(E) Filed inaccurate answer in the Petition, Docket No. 1, and Amended Petition, Docket No. 16, regarding the prior number of bankruptcy cases filed by the Debtor to be filed;

(F) Did not file a Disclosure of Attorney Compensation Statement as required by Section 329 of the Bankruptcy Code and Bankruptcy Rule 2016(b);[2]

Now, it appearing to the Court:

1. On November 9, 2015, the Debtor, Beverly Terry Jenkins, filed a petition for relief under chapter 13 of the Bankruptcy Code.

2. Patrick R. Blasz was the attorney for the Debtor.

3. On February 5, 2016, this case was converted to a case under chapter 11 of the Bankruptcy Code. Docket No. 45.

4. On March 21, 2016, this case was dismissed with prejudice. Docket No. 65.

5. The Court retained jurisdiction over any matters brought by the United States Trustee in connection with this case. Docket No. 65.

---

[2] Section 329(a) of the Bankruptcy Code states "Any attorney representing a debtor in a case under this title, or in connection with a case with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation."

Bankruptcy Rule 2016(b) states, in part, "Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States Trustee within 14 days after the order for relief … the statement required by § 329 of the Code including whether the attorney has shared or agreed to share compensation with any other entity."

6. On the motion of the United States Trustee, Docket No. 68, the Court entered the Order to Show Cause against Patrick R. Blasz. Docket No. 76.

7. Patrick R. Blasz did not filed an answer or response in this matter.

8. Patrick R. Blasz did appear, in person, at a hearing in this matter on June 14, 2016.

9. Patrick R. Blasz has agreed to the following resolution of this matter.

   (a) Patrick R. Blasz's privilege to file cases in this Court will be suspended for a period of 120 days from the entry of this order.

   (b) Patrick R. Blasz will complete four hours of professional ethics training approved by the Mandatory Continuing Legal Education Department (MCLE) of the Virginia State Bar.

   (c) Patrick R. Blasz's privilege to file cases in this Court will be reinstated after a period of 120 days from the entry of this order, and upon his certification to the Court that he has completed the professional ethics training.

   (d) Patrick R. Blasz is not currently representing any other debtor in an open case in the Alexandria Division of the United States Bankruptcy Court for the Eastern District of Virginia.

Now, therefore, it is hereby ordered:

1. Patrick R. Blasz's privilege to file in this Court is suspended for a period of 120 days from the entry of this order.

2. Patrick R. Blasz will complete four hours of professional ethics training approved by the Mandatory Continuing Legal Education Department (MCLE) of the Virginia State Bar.

3. Patrick R. Blasz's privilege to file cases in this Court will be reinstated after a period of 120 days from the entry of this order, and upon his certification to the Court that he has completed the professional ethics training, and the payment of any outstanding fees.*

4. This order only resolves the Order to Show Cause and does not affect the rights of any other parties in this bankruptcy case.

5. Ordered that the Clerk shall serve a copy of this order on the parties listed below.

Date: Jun 22 2016

/s/ Brian F. Kenney
_____
Brian F. Kenney
Bankruptcy Judge

Entered on Docket  Jun 24 2016

Judy A. Robbins
United States Trustee

/s/  Jack Frankel

Jack Frankel, Attorney
Office of United States Trustee
115 South Union Street
Alexandria, VA 22314
(703) 557-7229


Seen and Agreed:

/s/ Patrick R. Blasz
Patrick R. Blasz, Esq.
Attorney for Debtor
10224 Tamarack Drive
Vienna, VA 22182
(703) 362-2781
Email: pblasz@blaszlaw.com

cc:

Beverly Terry Jenkins
6320 Windpattern Trail
Fairfax Station, VA 22039

Patrick R. Blasz, Esq.
10224 Tamarack Drive
Vienna, VA 22182


\*  The requirement of payment of the fees as a condition of reinstatement was added
    by the Court.